IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No. 17 B 37890 |
| DELVIN SANDERS | ) Chapter 13 |
| | ) |
| Debtor(s) | ) Judge Carol A. Doyle |

## NOTICE OF MOTION

To:  Mehul D Desai, Esq., Swanson & Desai, LLC, 2314 W North Ave Unit C-1W,
Chicago, IL 60647 - by electronic notice through ECF
Delvin Sanders, 8336 S. LaSalle St., Chicago, IL 60637
Tom Vaughn, Chapter 13 Trustee, 55 E. Monroe Street, Suite 3850,
Chicago, IL 60603 - by electronic notice through ECF

**PLEASE TAKE NOTICE** that on **June 12, 2018** at **9:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Carol A. Doyle at 219 South Dearborn, Courtroom 742, Chicago, Illinois 60604 or in her absence, before any other judge who may be sitting in her place or stead, and shall then and there move this court pursuant to the attached Motion for Relief from the Automatic Stay or in the Alternative to Dismiss Debtor's Chapter 13 Bankruptcy, at which time and place you may appear.  A copy of said Motion is attached hereto and herewith served upon you.

SAVANNAH ON 64TH CONDOMINIUMS
ASSOCIATION

/s/ Ronald J. Kapustka
By:  Ronald J. Kapustka

Ronald J. Kapustka
Kovitz Shifrin Nesbit
175 North Archer Ave., Mundelein, IL 60060
Tel. (847) 537-0500 / Fax (847) 537-0550
rkapustka@ksnlaw.com; ndaily@ksnlaw.com
ARDC No. 6203095 / KSN FILE (CSAV006-61002)

NOTE:  Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.
CSAV006:61002\3587367.1

## **CERTIFICATE OF SERVICE**

The undersigned, and attorney, hereby certifies that I have caused a copy of the foregoing Notice and Motion for Relief from the Automatic Stay or in the Alternative to Dismiss Debtor's Chapter 13 Bankruptcy to be served upon the parties listed below, as to the Trustee and the Debtor's attorney via electronic notice on May 31, 2018 and as to the Debtor by causing same to be mailed in a property addressed envelope, postage pre-paid, before the hour of 5:00 pm on May 31, 2018 from 175 N. Archer Avenue, Mundelein, IL 60060.

Mehul D Desai, Esq., Attorney for Debtor, Swanson & Desai, LLC, 2314 W North Ave., Unit C-1W, Chicago, IL 60647 - by electronic notice through ECF

Delvin Sanders, 8336 S. LaSalle St., Chicago, IL 60637

Tom Vaughn, Chapter 13 Trustee, 55 E. Monroe Street, Suite 3850, Chicago, IL 60603 - by electronic notice through ECF

                                                         /s/ Ronald Kapustka
                                                         Attorney for Movant

Ronald J. Kapustka
Kovitz Shifrin Nesbit
175 North Archer Ave., Mundelein, IL 60060
Tel. (847) 537-0500 / Fax (847) 537-0550
rkapustka@ksnlaw.com; ndaily@ksnlaw.com
ARDC No. 6203095
KSN FILE (CSAV006-61002)

NOTE: Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.
CSAV006:61002\3587367.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 17 B 37890 |
| DELVIN SANDERS ) | Chapter 13 |
| ) | |
| Debtor(s) ) | Judge Carol A. Doyle |

**MOTION OF SAVANNAH ON 64TH CONDOMINIUMS ASSOCIATION FOR RELIEF FROM THE AUTOMATIC STAY OR IN THE ALTERNATIVE TO DISMISS DEBTOR'S CHAPTER 13 BANKRUPTCY**

SAVANNAH ON 64TH CONDOMINIUMS ASSOCIATION, a secured creditor, by and through its attorneys, by Ronald J. Kapustka, moves this Court pursuant to 11 U.S.C. Sec. 362, to modify the automatic stay heretofore entered in this cause, or in the alternative, pursuant to 28 U.S.C. Sec. 1307, to dismiss the Debtor's Chapter 13 bankruptcy and in support states as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. §1334 and the general orders of the Northern District of Illinois.

2. Venue is fixed in this Court pursuant to 28 U.S.C. §1409.

3. This matter constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G).

4. On or about December 22, 2017, Delvin Sanders filed his Petition under Chapter 13 of the United States Bankruptcy Code.

NOTE: Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.
CSAV006:61002\3587367.1

5. Creditor and Movant, Savannah on 64th Condominiums Association ("Association") is incorporated under the laws of the State of Illinois as a non-for-profit corporation and is charged with the authority to administer the subject premises pursuant to the Declaration for the Association (hereinafter referred to as "Declaration"), duly recorded with the office of the Recorder of Deeds.

6. Debtor is the legal owner of the property commonly known as 1365 East 64th Street, Unit 3 aka Unit 1365-3, Chicago, Illinois which is subject to the terms and conditions of the Declaration.

7. The Declaration gives the Association the right to collect assessments from owners such as the Debtors herein and to maintain eviction actions and to recover attorneys' fees and costs from owners who fail to stay current on their assessments. Unpaid assessments are a lien on the property pursuant to the terms of the Declaration.

8. The Debtor has defaulted with respect to his obligations pursuant to the terms of the Declaration and that he has failed to pay assessments and common expenses as required pursuant to the terms of the Declaration. As of the date hereof, there is due and owing to the Association a pre-petition amount in the sum of $3,250.39 (Minus any payments made by the Trustee) and a post-petition amount in the sum of $1,452.80 in assessments, fees, and costs through May 31, 2018as evidenced by the Statement of Default filed herewith. Further, that by the time this motion is heard, the post-petition default balance will have increased to $1,598.56 as the June 1, 2018 assessment will have come due.

NOTE: Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.
CSAV006:61002\3587367.1

9. That although the Debtor was indebted to the Association at the time of the instant case filing, the Debtor failed to list the Association as a creditor in his bankruptcy schedules which resulted in the Association receiving NO notice of the instant case filing.

10. Consequently, the Association was not able to file its Proof of Claim for the pre-petition arrearage which was in the amount of $3,250.39 nor was the Association able to file its Objection to Confirmation of the Plan.

11. That the bar date for filing claims has passed and the confirmed plan does not provide cure for the Association's pre-petition claim.

12. That enforcement of this security interest has been stayed automatically by operation of 11 U.S.C.§362 of the Bankruptcy Code upon Debtor(s) filing the instant case.

13. As a result of the above, the Association lacks adequate protection of its interest in the subject property for the reason that the Debtor has not made timely monthly assessments payments due under the Declaration as required.

14. Upon information and belief, the Debtor continues to enjoy the benefits of the common elements and services provided by the Association without making any contribution to the common expenses arising therefrom.

15. If the Association is not legally permitted to proceed with its eviction complaint and to protect its interest in the above-described property and to collect assessments post-

NOTE: Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.
CSAV006:61002\3587367.1

Document    Page 6 of 6

petition; as well as to file its lien on the property, it will suffer irreparable injury, loss and damage, as will the other unit owners in the Association.

16. This property is not necessary for an effective reorganization nor is it necessary to the bankruptcy estate.

17. This Court has authority to order that Rule 4001(a)(3) is not applicable to the order entered in granting this motion, and creditor requests this Court so order.

**WHEREFORE**, Savannah on 64th Condominiums Association prays that upon final hearing of this Motion, the Stay pursuant to 11 U.S.C. Sec. 362 be modified so as to permit the Association to proceed and file its eviction action and/or to enforce its Order for Possession previously granted in its eviction action, and to file its lien on the property, and to proceed against the Debtors to collect pre and post-petition assessments, or in the alternative, that the Debtor's Chapter 13 bankruptcy be dismissed for failure to make payments and that Savannah on 64th Condominiums Association have such other and further relief as this Court deems just and equitable.

        SAVANNAH ON 64TH CONDOMINIUMS ASSOCIATION

        By:   /s/ Ronald J. Kapustka
              Ronald J. Kapustka

Ronald J. Kapustka
Kovitz Shifrin Nesbit
175 North Archer Ave., Mundelein, IL 60060
Tel. (847) 537-0500 / Fax (847) 537-0550
rkapustka@ksnlaw.com; ndaily@ksnlaw.com
ARDC No. 6203095 / KSN FILE (CSAV006-61002)

NOTE: Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.
CSAV006:61002\3587367.1